UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

TRACEY E. BENDER
a/k/a TRACEY B. VITAGLIANO,    Case No. 816-73280-reg
                                Chapter 13
            Debtor.
-------------------------------------------------------------X

## MEMORANDUM DECISION

Before the Court is the motion of secured creditor, New York Liens, LLC RAI Custodian ("NY Liens"), to confirm that the automatic stay terminated in this case 30 days post-filing by operation of 11 U.S.C. § 362(c)(3)(A).  The Debtor does not dispute that § 362(c)(3)(A) applies because she had a prior bankruptcy case pending within the year preceding the filing of the instant case which case was dismissed due to her failure to make monthly payments under the prior chapter 13 confirmed plan.  (*See* Case No. 814-71340-reg).  However, the Debtor argues that the Court in applying this statute should distinguish between the Debtor and the Debtor's property, and property of the estate.  Applying the Debtor's reasoning, under § 362(c)(3)(A) the automatic stay would be terminated only as to the Debtor and the Debtor's property.  The stay of any action against property of the estate, the Debtor argues, remains in place until it is lifted upon motion by the secured creditor, and after notice and a hearing under § 362(d).

There have emerged so-called "majority" and "minority" positions on this issue.[1]

---

[1]

Majority: *Witkowski v. Knight* (*In re Witkowski*), 523 B.R. 291, 296–97 (1st Cir. B.A.P. 2014); *Holcomb v. Hardeman* (*In re Holcomb*), 380 B.R. 813, 815–16 (10th Cir. B.A.P. 2008); *Jumpp v. Chase Home Fin., LLC* (*In re Jumpp*), 356 B.R. 789, 793–797 (1st Cir. B.A.P. 2006); *Abernathy, LLC v. Smith*, No. 1:13-CV-03801-RWS, 2014 WL 4925654, at *4–5 (N.D. Ga. Sept. 30, 2014); *Chekroun vs. Weil* (*In re Weil*), No. 3:12cv462 (SRU), 2013 WL 1798898, at *3 (D. Conn. Apr. 29, 2013); *U.S. Bank N.A. v. Mortimore* (*In re Mortimore*), No. 11-955 (RMB), 2011 WL 6717680, at *5 (D.N.J. Dec. 21, 2011); *In re Roach*, 555 B.R. 840, 842–48 (Bankr. M.D. Ala. 2016); *In re Hale*, 535

1

The Debtor urges the Court to adopt the reasoning of the majority. That is, where § 362(c)(3)(A) applies, the automatic stay terminates on the 30th day after the filing of the petition, but only "with respect to the debtor" and the debtor's property. The minority view is that the stay terminates in its entirety, *i.e.*, with respect to the debtor, the debtor's property and estate property, upon expiration of the 30 days.

After a careful analysis of the cases on both sides of this argument, this Court believes that there exists an inherent flaw in both the majority and minority reasoning and holdings. In

---

B.R. 520, 527–28 (Bankr. E.D.N.Y. 2015); *In re Rodriguez*, 487 B.R. 275, 286–88 (Bankr. D.N.M. 2013); *In re Williford*, No. 13-31738, 2013 WL 3772840, at *2–3 (Bankr. N.D. Tex. July 17, 2013); *In re Scott–Hood*, 473 B.R. 133, 135–40 (Bankr. W.D. Tex. 2012) (analysis departs from majority and minority approaches and yet holds that section 362(c)(3)(A) terminates with respect to (1) debtor individually, (2) debtor's exempt property that stands as collateral for a debt of debtor, and (3) certain leases); *In re Rinard*, 451 B.R. 12, 17–20 (Bankr. C.D. Cal. 2011); *In re Alvarez*, 432 B.R. 839, 840–43 (Bankr. S.D. Cal. 2010); *In re Dowden*, 429 B.R. 894, 902–03 (Bankr. S.D. Ohio 2010); *In re Robinson*, 427 B.R. 412, 414 (Bankr. W.D. Mich. 2010); *In re Burnette*, No. 09-00699-8-JRL, 2009 WL 961807, at *1–2 (Bankr. E.D.N.C. Apr. 2, 2009); *In re Graham*, No. 07-62339-fra11, 2008 WL 4628444, at *2–3 (Bankr. D. Or. Oct. 17, 2008); *In re Milledge*, No. 08-62839, 2008 WL 7866897, at *1–2 (Bankr. N.D. Ga. Apr. 10, 2008); *In re Ajaka*, 370 B.R. 426, 429 (Bankr. N.D. Ga. 2007); *In re McFeeley*, 362 B.R. 121, 124–26 (Bankr. D. Vt. 2007); *In re Stanford*, 373 B.R. 890, 893–95 (Bankr. E.D. Ark. 2007); *In re Simonson*, No. 06-22833 (MBK), 2007 WL 703542, at *1–2 (Bankr. D.N.J. Mar. 2, 2007); *In re Taylor*, No. 07-31055-KRH, 2007 WL 1234932, at *4–5 (Bankr. E.D. Va. Apr. 26, 2007); *In re Tubman*, 364 B.R. 574, 582–84 (Bankr. D. Md. 2007); *Bankers Trust Co. of Cal. v. Gillcrese* (*In re Gillcrese*), 346 B.R. 373, 373–77 (Bankr. W.D. Pa. 2006); *In re Brandon*, 349 B.R. 130, 131–32 (Bankr. M.D.N.C. 2006); *In re Harris*, 342 B.R. 274, 276–280 (Bankr. N.D. Ohio 2006); *In re Hollingsworth*, 359 B.R. 813, 814 (Bankr. D. Utah 2006); *In re Johnson*, 335 B.R. 805, 806–07 (Bankr. W.D. Tenn. 2006); *In re Jones*, 339 B.R. 360, 363–65 (Bankr. E.D.N.C. 2006); *In re Moon*, 339 B.R. 668, 670–73 (Bankr. N.D. Ohio 2006); *In re Pope*, 351 B.R. 14, 15–16 (Bankr. D.R.I. 2006); *In re Rice*, 392 B.R. 35, 38 (Bankr. W.D.N.Y. 2006); *In re Williams*, 346 B.R. 361, 368–70 (Bankr. E.D. Pa. 2006).

Minority: *Reswick v. Reswick* (*In re Reswick*), 446 B.R. 362, 365–73 (9th Cir. B.A.P. 2011); *St. Anne's Credit Union v. Ackell*, 490 B.R. 141, 143–45 (D. Mass. 2013); *In re Akwa*, No. 15-26914-PM, 2016 WL 67219, at *1 (Bankr. D. Md. Jan. 5, 2016); *In re Wilson*, No. 13-21001 (ASD), 2014 WL 183210, at *1 (Bankr. D. Conn. Jan. 15, 2014); *In re Jackola*, No. 11-01278, 2011 WL 2518930, at *3 (Bankr. D. Haw. June 22, 2011); *In re Furlong*, 426 B.R. 303, 307 (Bankr. C.D. Ill. 2010); *In re Daniel*, 404 B.R. 318, 321–26 (Bankr. N.D. Ill. 2009); *In re Curry*, 362 B.R. 394, 398–402 (Bankr. N.D. Ill. 2007); *In re Jupiter*, 344 B.R. 754, 757–62 (Bankr. D.S.C. 2006).

this Court's view both sides have based their conclusions on a faulty interpretation of the statute. The interpretation of § 362(c)(3)(A) that is most consistent with the principles of statutory analysis should not focus, as the majority and minority do, on "property of the debtor" or "property of the estate," neither of which phrases are used in the statute. Rather, the Court finds that the stay under § 362(a) terminates "with respect to any action taken *with respect to a debt or property securing such debt or with respect to any lease.*" The focus of this Court's analysis is on *specific actions* with respect to *specific property*, not the broader categories of property of the estate or property of the debtor. In other words, the stay is lifted "with respect to a debt *or property securing such debt*" and with respect to leases – regardless of whether the property or the lease is property of the estate or property of the debtor. To limit the effect of § 362(c)(3)(A) to the debtor or property of the debtor would so limit its effectiveness as to not support, what this Court believes to be, the congressional intent to protect the secured creditor or lessor seeking to continue judicial, administrative or other proceedings commenced prepetition with respect to debts, property securing such debts or leases.[2]

This does not mean that a two time repeat filer can gain no protection from the § 362(a) stay. However, it is the debtor now that must come to the Court to seek protection. In the case of a two time repeat filing, rather than requiring the secured creditor to seek relief under § 362(d) the burden shifts to the debtor to affirmatively seek to impose the stay under § 362(c)(3)(B), or the stay will be lifted on the 30th day by operation of law as to real property foreclosures, evictions and other actions against secured collateral. A debtor may gain the protections of § 362(a) by demonstrating to the Court that the filing of the second case was made "in good faith

---

[2] *See* discussion of legislative history in *In re Daniel*, 404 B.R. at 327-29 (citing to the National Bankruptcy Review Commission Report and House Judiciary committee report suggesting that § 362(c)(3)(A) was intended to address multiple filings to stay foreclosure and/or eviction).

3

as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B). In so doing, the debtor must overcome a presumption that the second case was not filed in good faith. 11 U.S.C. § 362(c)(3)(C).

## FACTS AND PROCEDURAL HISTORY

Prior to the filing of the instant chapter 13 petition, the Debtor filed a chapter 13 petition on March 28, 2014. A chapter 13 plan was confirmed in that case on June 11, 2014, and was dismissed by order dated December 16, 2015, due to the Debtor's failure to make payments under the confirmed plan. The Debtor filed the instant chapter 13 petition seven months later, on July 20, 2016, with the assistance of counsel. The 30th day post-filing was August 19, 2016 and at no time did the Debtor file a motion to extend the automatic stay pursuant to § 362(c)(3)(B).

On September 1, 2016, NY Liens filed the instant motion pursuant to § 362(j) to confirm the termination of the automatic stay by operation of § 362(c)(3) ("Motion"). NY Liens is the holder of a tax lien certificate which is a lien against the Debtor's real property arising from unpaid general and school taxes for the years 2009 to 2013. NY Liens' tax lien foreclosure action was stayed by the instant filing. The Debtor filed a response to the Motion and does not dispute that § 362(c)(3) came into play, but argues that § 362(c)(3)(A) lifts the stay only as to the debtor and the debtor's property.

A hearing on the Motion was held on October 17, 2016 at which time the Court indicated its ruling that the lifting of the stay under § 362(c)(3)(A) is not limited to the debtor and the debtor's property, and this written opinion would follow. On October 19, 2016, the Debtor filed a third amended plan which provides that NY Liens will be paid pre-petition arrears in the sum

of $40,195.92 over the life of the plan. The Debtor's third amended plan was confirmed by

Order entered October 26, 2016.[3]

## DISCUSSION

Section 362(c)(3) states:

> **(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> **(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

Parsing the statute, as many have, we find nine distinct phrases all of which must be read as part of the whole:

1. If a single or joint case is filed by . . . a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .
2. The stay under subsection (a)
3. With respect to any action taken
4. With respect to a debt
5. Or property securing such debt
6. Or with respect to any lease
7. Shall terminate
8. With respect to the debtor
9. On the 30th day after filing of the later case.

The meaning of the first and last phrases is not disputed. The parties agree that the section applies and became effective on the 30th day post-filing.

---

[3] *See In re Lemma*, 394 B.R. 315, 323 (Bankr. E.D.N.Y. 2008) ("Even where the stay is terminated prior to confirmation, the confirmed plan binds such creditor so long as the creditor's claim is treated under the plan, the plan was served on the creditor and the plan does not contain any language specifically preserving the rights of the parties under the prior order vacating the automatic stay.").

5

The second phrase refers to "the stay under subsection (a)." In this Court's view, this wholesale reference to § 362(a) should not be overlooked in this analysis. First, if one omits for now the intervening clauses, the statute states that "the stay *under subsection (a)* . . . . shall terminate . . . ." Section 362(a) has eight separate subsections, which stay actions "against the debtor," *see* 11 U.S.C. § 362(a)(1), (6), (7) and (8), against "property of the debtor," *see* 11 U.S.C. § 362(a)(5), and against "property of the estate," *see* 11 U.S.C. § 362(a)(2), (3) and (4). If Congress intended to limit the termination of the stay under § 362(c)(3)(A) to one or all of "property of the estate" versus "property of the debtor" versus "the debtor" it could have easily said so in words or by reference to specific subsections of § 362(a). The wholesale reference to subsection (a), as opposed to only those subsections pertaining to actions against the debtor and the debtor's property, *see* §§362(a)(1), (5), (6) (7) and (8), suggests that the stay would be terminated in its entirety only as limited by § 362(c)(3)(A) itself. *See Scott-Hood*, 473 B.R. 133, 136 (Bankr. W.D. Tex. 2012).

In this Court's view, limitations on the termination of the § 362(a) stay are stated directly and explicitly in § 362(c)(3).

> The phrase 'with respect to' appears four times in [section 362(c)(3)(A)] and in its ordinary use, this phrase limits the phrase that precedes it – 'the stay under [§ 362(a)].' In other words the stay that terminates 30 days after the petition when § 362(c)(3) is applicable is not the entire stay under §362(a) but only so much of the stay in § 362(a) that satisfies the four 'with respect to' conditions in § 362(c)(3)(A).

Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy 4th Ed., § 432.2, at ¶ ____, Sec. Rev. July 20, 2007, www.ch13online.com. And so we must give careful consideration to each and every phrase neither omitting nor adding language.

The third phrase, "with respect to any action taken," imposes the first of four limitations on the termination of the stay under § 362(c)(3)(A). This seemingly straight forward phrase has

6

been subject to some scrutiny, primarily in the case of *In re Paschal*, 337 B.R. 274, 280 (Bankr. E.D.N.C. 2006). In *Paschal*, the bankruptcy court concluded that this phrase means that the § 362(a) stay is only terminated under § 362(c)(3)(A) with respect to the continuation of formal legal proceedings that were commenced against the debtor pre-petition. *In re Paschal*, 337 B.R. at 280; *see also In re Stanford*, 373 B.R. 890 (Bankr. E.D. Ark. 2007). *But see In re James*, 358 B.R. 816, 820 (Bankr. S.D. Ga. 2007) (holding that "action taken" is not limited to creditors who took action prior to the bankruptcy filing). The *Paschal* court analyzed the use of the word "act" in § 362(c)(1) and (c)(2)[4], compared to the phrase "action taken" used in (c)(3) and concluded that those words must be given different meanings. *In re Paschal*, 337 B.R. at 279 (quoting *Schmidt*, 388 F.3d at 418-19) ("'It is a principle of statutory interpretation that different words used in the same statute should be assigned different meanings whenever possible.'"). The *Paschal* court also noted other parts of § 362 which use the word "action" all use the word in connection with a judicial, administrative or other formal proceeding. *See, e.g.*, 11 U.S.C. §§ 362(a)(1), (b)(1), (2)(A), (4), (8), (14), (15), (16), (22), and (25)(A) and (B).

In this limited context, the Court agrees with *Paschal* and finds that under § 362(c)(3), the § 362(a) stay is only terminated as to the continuation of judicial, administrative or other proceedings commenced prior to the bankruptcy filing. Congress's use of the phrase "action

---

[4] Sections 362(c)(1) and (2) read:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section –

(1) the stay of an *act* against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

(2) the stay of any other *act* under subsection (a) of this section continues until the earliest of - (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied; . . .

11 U.S.C. § 362(c)(1) and (2) (emphasis added).

taken" in contrast to "act" used elsewhere in the statute should not be ignored. In addition, this interpretation of the statute is consistent with this Court's view that § 362(c)(3)(A) was intended to apply and shift the burden from the creditor to the debtor in cases where, as here and in many cases, a debtor uses bankruptcy in order to stymie judicial, administrative or other proceedings with respect to debts, property securing such debts and leases.

The fourth, fifth and sixth phrases – "with respect to a debt" "or property securing such debt" "or with respect to any lease" – are often overlooked in the § 362(c)(3)(A) analysis. In this Court's view, these phrases are pivotal to interpreting the statute. It is significant that these phrases do not distinguish between "property of the estate" or "property of the debtor" or "leases of the estate" or "leases of the debtor." Rather, the focus is solely on the "lease" and on the "property" and the fact that it serves as collateral for a debt, regardless of whether it is property of the estate or property of the debtor. These phrases further support the conclusion that § 362(c)(3)(A) was intended to apply where the debtor is a repeat filer and where a secured creditor's or lessor's judicial administrative or other proceeding against specific property have been stayed by the most recent filing. If there was a judicial or administrative or other proceeding as to specific property commenced pre-petition, these phrases tell us that the stay is lifted on the 30th day under § 362(c)(3)(A) to allow that proceeding to go forward as to a debt, property securing such debt and leases.

The seventh phrase uses the word "terminate" and in this Court's view that refers directly back to § 362(a), and is limited only by the intervening third through sixth phrases outlined above. *Cf. In re Scott-Hood*, 473 B.R. at 136.

The majority view places much emphasis on the eighth phrase, "with respect to the debtor," and reads it to mean that, despite the fourth through sixth phrases discussed above, the stay is only

8

lifted as to the debtor *and the debtor's property*. *See, e.g.*, *In re Witkowski*, 523 B.R. 291, 296-97 (1st Cir. B.A.P. 2014); *In re Holcomb*, 380 B.R. 813, 815-16 (10th Cir. B.A.P. 2008). First, the majority interpretation requires one to read into the statute words which are not there. The majority view expands the phrase "with respect to the debtor" to say "with respect to the debtor *and* the debtor's property." *See, e.g., Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 366 ("[Majority] arguably [reads] beyond the phrase because they find that the stay terminates with respect to the debtor *and* to any property of the debtor that is not property of the estate.") (emphasis added). The words "property of the debtor" simply are not mentioned in § 362(c)(3)(A). The statute does mention property but only in the context of discussing "property securing [a] debt." In this Court's view, this is the "property" Congress intended to lift the stay as to under § 362(c)(3)(A). Second, the majority interpretation does not give sufficient consideration to the intervening phrases "with respect to a debt or property securing such debt or with respect to any lease" and would in fact read those phrases out of the statute with its interpretation of "with respect to the debtor."

Third, a finding that under § 362(c)(3)(A) the stay terminates only as to actions "with respect to the debtor" or the debtor's property would be a hollow victory for any secured creditor. Upon the filing of a bankruptcy petition, "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This broad definition applies in all chapters of the Bankruptcy Code, but in a chapter 13 case property of the estate has an even broader reach and includes property acquired after the bankruptcy filing and post-petition earnings.[5] Only exempt property (11 U.S.C. § 522), or

---

[5] Under § 1306(a), property of the estate includes,

> (1) all property of the kind specified in [section 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

9

property that has been abandoned (11 U.S.C. § 544), or property that is specifically excluded from property of the estate (11 U.S.C. § 541(b) and (c)(2)), could be considered "property of the debtor" as opposed to "property of the estate." *See e.g., In re Jupiter*, 344 B.R. 754, 757 (Bankr. D.S.C. 2006). In most if not all cases, collateral securing a pre-petition debt will fall within the category of "property of the estate," not property of the debtor. Thus, the termination of the automatic stay as to *property of the debtor* upon the expiration of 30 days for a two time repeat filer would serve little purpose. This is especially true considering that an overwhelming majority of repeat filings are made in order to stay foreclosure on a debtor's home. To read the statute to mean that the stay under § 362(a) shall terminate with respect to secured collateral and leases but only secured collateral and leases that are property of the debtor would make the statute meaningless. *See In re Daniel*, 404 B.R.318, 321-22 (Bankr. N.D. Ill. 2009) ("Reading the phrase "with respect to the debtor" as an all-property exclusion would make § 362(c)(3)(A) oxymoronic, terminating the stay as to "any action taken with respect to . . . property securing [a] debt," but at the same time, as limited by the phrase, not terminating the stay as to any property.").

There is another interpretation of the phrase "with respect to the debtor" which reads those same words as a reference to the debtor's bankruptcy case, not the property that is affected by the stay. *See In re Daniel*, 404 B.R. at 324-25. The criticism of this approach is that it would render the phrase "with respect to the debtor" surplus. In other words, "[t]here is no need to

---

      (2) earnings from services performed by the debtor after the commencement of the case
      but before the case is closed, dismissed or converted to a case under chapter 7, 11, or 12
      of this title, whichever occurs first.

11 U.S.C. § 1306(a).

emphasize that termination of the stay under § 362(c)(3)(A) applies in the debtor's case, since, after all, that is the only case to which it could apply." *Id.* at 325. Although an interpretation that renders statutory language surplus is not favored, it is permissible. *Id.* (citing cases). The favored approach of the minority is that "with respect to the debtor" is a recognition that in cases jointly filed by a married couple the stay is only terminated under § 362(c)(3)(A) as to the individual spouse/debtor who had a prior case pending but dismissed within the year. *See discussion in In re Daniel*, 404 B.R. at 326-27.

The instant case does not involve a joint filer and so the distinction between these two approaches does not matter here. Regardless of which interpretation is applied, this Court finds that "with respect to the debtor" does not place a limitation on the termination of the stay under § 362(c)(3)(A) with respect to the debt, property and lease mentioned in the fourth through sixth phrases discussed above.

## CONCLUSION

For all of the foregoing reasons, the Court grants NY Liens' motion to confirm that the automatic stay terminated in this case 30 days post-filing by operation of § 362(c)(3)(A), and further finds that the § 362(a) stay terminated with respect to any judicial, administrative or other formal proceeding commenced prepetition which relates to a debt or property securing such debt

or a lease, regardless of whether the property or lease was property of the estate or property of the Debtor.



Dated: Central Islip, New York
December 6, 2016

Robert E. Grossman
United States Bankruptcy Judge